**UNITED STATES of America,**
**Appellee,**

v.

**Usama Sadik Ahmed Abdel WHAB,**
**Defendant–Appellant,**

No. 02–1541.

United States Court of Appeals, Second Circuit.

Argued: Jan. 12, 2004.

Decided: Jan. 20, 2004.

Tina Schneider, Portland, ME, for Appellant.

Jonathan B. Leiken, Assistant United States Attorney (Laura Grossfield Birger, Assistant United States Attorney, of counsel; James B. Comey, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Before: CABRANES and RAGGI, Circuit Judges, and MUKASEY, District Judge.*

JOSÉ A. CABRANES, Circuit Judge.

Defendant Usama Sadik Ahmed Abdel Whab appeals from a judgment entered on September 16, 2002 in the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*) following a jury trial. Defendant was convicted on three counts: (1) making a false statement in an application for a United States passport, in violation of 18 U.S.C. §§ 1542 and 2; (2) making and using a false writing, specifically, a forged baptismal certificate, in support of his application for a passport, in violation of 18 U.S.C. § 1001; and (3) making a false statement to a federal agent, in violation of 18 U.S.C. § 1001. Defendant was sentenced principally to a term of 6 months'

imprisonment, which he has now completed, to be followed by three years' supervised release.

We view the evidence presented at trial in the light most favorable to the government. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Pimentel,* 346 F.3d 285, 288 (2d Cir.2003). In June 2001, defendant, an Egyptian-born citizen of Egypt, claimed in an application for a United States passport that he was born in Brooklyn, New York. After receiving a request for additional documentation supporting his claim that he was born in the United States, defendant submitted a forged baptismal certificate to the United States Passport Agency ("Passport Agency"). In October 2001, defendant was interviewed by a federal agent, and again falsely stated that he had been born in Brooklyn.

Defendant claims on appeal that (1) under the "willfulness" requirement of 18 U.S.C. § 1001, the Government was required to prove that defendant specifically knew that making a false statement to a federal agent was criminal, and failed to do so; (2) the Government failed to prove that his forged baptismal certificate was material to his passport application under 18 U.S.C. § 1001, in light of the baptismal certificate's recent date of issue; and (3) the District Court erred in refusing to instruct the jurors that they were not to consider the reasonableness of defendant's belief that he was born in Brooklyn. We affirm.

## Discussion

### I. "Willfulness" and 18 U.S.C. § 1001

Defendant first argues that there was insufficient evidence to prove that he vio-

---

\* The Honorable Michael B. Mukasey, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

lated 18 U.S.C. § 1001 by making a false statement to a federal agent, because the Government was required, and failed, to prove that defendant specifically knew that it was unlawful to make a false statement to a federal agent. Defendant's argument, while cast in terms of a challenge to the sufficiency of the evidence, is in essence a claim that the District Court erred by failing to instruct the jury that the Government was required to prove that defendant knew that making a false statement to a federal agent was a crime.

■ Because defendant did not raise this argument below, we review for plain error. Before we can correct an error not raised at trial, "there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)) (alteration in original); *accord United States v. Thomas*, 274 F.3d 655, 667 (2d Cir.2001) (en banc). Where all three conditions are met, "an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Johnson*, 520 U.S. at 467, 117 S.Ct. 1544 (quoting *Olano*, 507 U.S. at 732, 113 S.Ct. 1770); *accord Thomas*, 274 F.3d at 667.

■ For an error to be plain, "it must, 'at a minimum,' be 'clear under current law.'" *United States v. Weintraub*, 273 F.3d 139, 152 (2d Cir.2001) (quoting *United States v. Feliciano*, 223 F.3d 102, 115 (2d Cir.2000)). We "typically will not find such error where the operative legal ques-

tion is unsettled," including where there is no binding precedent from the Supreme Court or this Court. *Id.* In *Weintraub*, for example, we found that "no binding precedent" supported the defendant's position on appeal, and concluded that "[w]ithout a prior decision from this court or the Supreme Court mandating the jury instruction that [defendant], for the first time on appeal, says should have been given, we could not find any such error to be plain, if error it was." *Id.* at 152.

■ We recently noted that, "in the rare case," we can notice plain error that does not "contravene[ ] clearly established precedent," *United States v. Brown*, 352 F.3d 654, 665 n. 10 (2d Cir.2003), where such error is "'so egregious and obvious as to make the trial judge and prosecutor derelict in permitting it, despite the defendant's failure to object.'" *Id.* at 665 (quoting *United States v. Gore*, 154 F.3d 34, 42–43 (2d Cir.1998)). It may be appropriate for this Court to find an error "plain," even in the absence of binding precedent from the Supreme Court or this Circuit, where other circuits have uniformly taken a position on an issue that has never been squarely presented to this Court. We emphasize, however, that such cases are bound to be exceedingly rare. *Cf., e.g., Brown*, 352 F.3d at 670 (finding no plain error in the district court's decision to deny defendant's religion-based *Batson* challenge to the Government's use of peremptory strikes). Certainly, an error cannot be deemed "plain," in the absence of binding precedent, where there is a genuine dispute among the other circuits. *See Gore*, 154 F.3d at 43.[1]

---

1. In *Brown*, we remarked that "[w]e can, in certain cases, notice plain error in the absence of direct precedent, or even where uniformity among the circuits, or among state courts, is lacking." *Id.* at 664. We did not state, however, that an error can be "plain" absent Supreme Court or Second Circuit authority, where other circuits to address the issue are split—a position that would run counter to the established law of this Circuit.

■ We hold that, in the circumstances presented, this case does not require a resort to any such difficult or exceptional application of "plain error" review. Defendant was convicted of violating 18 U.S.C. § 1542 and § 1001, both of which prohibit knowingly and willfully making false statements to government agents or particular agencies.[2] The District Court, in explaining the concept of knowing and willful conduct in connection with Count One of the indictment, the § 1542 offense, stated:

> An act is done knowingly if it is done voluntarily and purposely and not because of mistake, accident, or some other reason. An act is done willfully if it is done knowingly, intentionally and with a bad purpose, a purpose to do something that the law forbids.

> In determining whether a defendant has acted knowingly and willfully, it is not necessary for the Government to establish that the defendant knew that he was breaking any particular law or particular rule. He need only have been

aware of the generally unlawful nature of his actions.

Later, in explaining the same element as it pertained to Counts Two and Three, the § 1001 offenses, the Court reiterated its earlier definition of knowing and willful conduct. With respect to Count Two, it charged:

> An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally. An act is done willfully if it is done with an intention to do something that the law forbids; that is to say, with a bad purpose either to disobey or disregard the law.

With respect to Count Three, the Court stated:

> I remind you that an act is done knowingly if it is done purposely and voluntarily, as opposed to by mistake or accident. An act is done willfully if it is done with an intention to do something that the law forbids.

---

See *Gore*, 154 F.3d at 43; *see also United States v. Ingenito*, 531 F.2d 1174, 1176 (2d Cir.1976) ("[T]he validity of the legal rule for which appellant contends is, as shown above, in sharp dispute, and has not been adopted as yet in this circuit. Under these circumstances . . . we do not see how we can find that the district judge committed plain error here.") (citations omitted). Rather, the passage in *Brown* simply restates the rule of *Gore* that it may be appropriate for this Court to find that an error was "plain" even in the absence of binding Circuit precedent, in those exceedingly rare cases where error is " 'so egregious and obvious as to make the trial judge and prosecutor derelict in permitting it, despite the defendant's failure to object,' " *Gore*, 154 F.3d at 43 (quoting *United States v. Tillem*, 906 F.2d 814, 825 (2d Cir.1990)), but where few or no circuits have yet had the opportunity to rule on the issue, precluding a finding of a "uniform" federal practice.

**2.** 18 U.S.C. § 1001(a) provides, in relevant part:

(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—

. . . .

(2) makes any materially false, fictitious, or fraudulent statement or representation; or

(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

shall be fined under this title or imprisoned not more than 5 years, or both.

18 U.S.C. § 1542 provides, in relevant part, that "[w]hoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws" is subject to fines and imprisonment.

"We do not review portions of the instructions in isolation, but rather consider them in their entirety to determine whether, on the whole, they provided the jury with an intelligible and accurate portrayal of the applicable law." *Weintraub*, 273 F.3d at 151. Where, as in this case, a district court provides a jury with the identical definition of key terms such as "knowingly" and "willfully" in its instructions on three separate counts of the indictment, it would be obvious to the jury that any amplifications of the definitions provided in the court's first discussion of their application necessarily pertain to subsequent applications as well. In short, tedious repetition was unnecessary to ensure an intelligible and accurate portrayal of the law. Reviewing the District Court's instructions as a whole, we are satisfied that they clearly charged the jury that, in order to find that defendant acted "willfully" under § 1001, the Government was required to show that he acted with a purpose to do something the law forbids, and with an awareness of the generally unlawful nature of his actions.

Defendant seems to argue that the requirement of § 1001 that a defendant act "willfully" in making a false statement includes something more: specific knowledge that lying to a federal agent is a crime. He contends that his conviction cannot stand in the absence of "evidence showing that [he] was told that it was a crime to make such a false statement." Defendant relies on *United States v. Wiener*, 96 F.3d 35, 40 (2d Cir.1996), in which we rejected the "exculpatory no" doctrine, a judicially-created exception to § 1001, adopted by several courts, that made § 1001 inapplicable to "false statements that are essentially exculpatory denials of criminal activity." *Id.* at 37. In discussing the boundaries of criminal liability under § 1001, we noted:

Arguably, to violate Section 1001, a person must know that it is unlawful to make such a false statement. The Supreme Court recently held that the word "willfully" in 31 U.S.C. § 5322(a) requires that a defendant "act [ ] with knowledge that his conduct was unlawful."

*Id.* at 40 (alteration in original) (quoting *Ratzlaf v. United States*, 510 U.S. 135, 137, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994)). We immediately clarified, however, that "[w]e do not decide whether knowledge of unlawfulness is an element of this crime . . . ." *Id.* at 40. The quoted passage from *Wiener* was thus explicitly identified as *dicta* in the text of *Wiener*, and defendant's position is therefore far from " 'clear under current law.' " *See Weintraub*, 273 F.3d at 152 (quoting *Feliciano*, 223 F.3d at 115). *Wiener*, therefore, does not suffice to render the District Court's jury instructions "plain error."

Moreover, we have, since *Wiener*, expressly repudiated the interpretation of *Ratzlaf v. United States*, 510 U.S. 135, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994), that was suggested by the *dicta* in *Wiener*. *Ratzlaf* held that the word "willfully," as used in 31 U.S.C. § 5322(a), required the Government to prove that the defendant acted "with knowledge that his conduct was unlawful." *Id.* at 137, 114 S.Ct. 655. In holding that *Ratzlaf*'s interpretation of "willfully," as used in 31 U.S.C. § 5322, did not apply to "willfully" as used in 18 U.S.C. § 2(b), we stated that in *Ratzlaf*, "the Court did not hold that the government had to prove a knowing violation of the law every time a statute used the term 'willful.' " *United States v. Gabriel*, 125 F.3d 89, 100 (2d Cir.1997).

In *Ratzlaf*, the Supreme Court noted at the outset that "willful" is "a 'word of many meanings,' and 'its construction [is] often . . . influenced by its context.' " *Rat-*

*zlaf,* 510 U.S. at 141, 114 S.Ct. 655 (alteration in original) (quoting *Spies v. United States,* 317 U.S. 492, 497, 63 S.Ct. 364, 87 L.Ed. 418 (1943)). The statute at issue in *Ratzlaf* forbade structuring bank transactions with the "purpose of evading [federal] reporting requirements," *see* 31 U.S.C. §§ 5322(a), 5324. The Court reasoned that "willfulness," in the context of 31 U.S.C. § 5322(a), must mean something more than having the "purpose of evading" federal reporting requirements—also required by statute, *see* 31 U.S.C. § 5324—in order to be more than mere surplusage. *Ratzlaf,* 510 U.S. at 140–41, 114 S.Ct. 655. In contrast, nothing in the language or structure of 18 U.S.C. § 1001 suggests that "willfully" requires proof that a defendant knew his conduct was a crime, and § 1001 does not contain any "purpose" requirement that would be rendered superfluous by the Government's interpretation. Accordingly, several courts of appeals have properly rejected an attempt to apply *Ratzlaf* to the term "willfully" as used in 18 U.S.C. § 1001. *See United States v. Hsia,* 176 F.3d 517, 522 (D.C.Cir.1999); *United States v. Daughtry,* 48 F.3d 829, 831–32 (4th Cir.), *vacated on other grounds,* 516 U.S. 984, 116 S.Ct. 510, 133 L.Ed.2d 419 (1995); *United States v. Rodriguez–Rios,* 14 F.3d 1040, 1048 n. 21 (5th Cir.1994) (en banc). In contrast, we are not aware of any appellate court that has held that "willfully" in § 1001—a term that has long been part of a venerable statute, *see United States v. Cohn,* 270 U.S. 339, 341 n. 1, 46 S.Ct. 251, 70 L.Ed. 616 (1926)—requires proof that a defendant knew that his conduct was criminal.[3]

The Supreme Court likewise suggested in *Bryan v. United States,* 524 U.S. 184, 191–95, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998), that the holding of *Ratzlaf* should be confined to the anti-structuring statute at issue in that case. In *Bryan,* the Court addressed the term "willfully" as used in 18 U.S.C. § 924(a)(1), which forbids, among other things, dealing in firearms without a federal license. *See* 18 U.S.C. § 922(a)(1)(A). Reiterating that "willfully" is " 'a word of many meanings' whose construction is often dependent on the context in which it appears," 524 U.S. at 191, 118 S.Ct. 1939 (quoting *Spies,* 317 U.S. at 497, 63 S.Ct. 364), the Court then explained

---

**3.** Additionally, while we have not squarely addressed the issue, our decision in *Gabriel* strongly implied that, in a prosecution under § 1001, the government need not prove that the defendant specifically knew his conduct to be criminal. *Gabriel* addressed a defendant's liability under 18 U.S.C. § 2(b) for aiding and abetting the making of a materially false statement in violation of § 1001. Section 2(b) states that "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." The defendant in *Gabriel* argued that under *Ratzlaf,* "willfully" as used in § 2(b) requires the defendant's knowledge that his conduct was unlawful. As explained above, we rejected the defendant's argument, holding that *Ratzlaf*'s interpretation of 31 U.S.C. § 5322(a) did not apply to 18 U.S.C. § 2(b). We noted that "[t]he most natural interpretation of section 2(b) is that a defendant *with*

the mental state necessary to violate the underlying section* is guilty of violating that section if he *intentionally* causes another to commit the requisite act." 125 F.3d at 101 (first emphasis added). We then concluded that "the government is not required to prove a knowing violation of the law under section 2(b)," and affirmed the defendant's conviction. *Id.* at 102. Because the underlying crime, which the defendant was convicted of aiding and abetting, was making a false statement in violation of § 1001, our opinion properly indicated that the government need not prove the defendant's specific knowledge of unlawfulness under *either* § 2(b) *or* § 1001. In other words, if § 1001 had required a defendant to know that his false statement was a crime, then § 2(b) would have extended the same requirement to an alleged aider or abettor of a false statement—which, we held, it did not.

that, with the exception of *Ratzlaf* and cases involving willful violations of tax laws, "willfully" does not require specific knowledge that a defendant's conduct is criminal:

> Both the tax cases and *Ratzlaf* involved highly technical statutes that presented the danger of ensnaring individuals engaged in apparently innocent conduct. As a result, we held that these statutes "carv[e] out an exception to the traditional rule" that ignorance of the law is no excuse and require that the defendant have knowledge of the law.

*Id.* at 194–95, 118 S.Ct. 1939 (quoting *Cheek v. United States*, 498 U.S. 192, 200, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991)) (alteration in original). *Bryan* approved the jury instructions given by the trial judge in that case, which read:

> A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids.

*Id.* at 190, 118 S.Ct. 1939. The Court concluded that "the willfulness requirement of § 924(a)(1)(D) does not carve out an exception to the traditional rule that ignorance of the law is no excuse; knowledge that the conduct is unlawful is all that is required." *Id.* at 196. The instructions approved by the Supreme Court in *Bryan* are similar to those given by the District Court here, which did not commit "plain error" when it failed to carve out another exception, under 18 U.S.C. § 1001, to the principle that ignorance of the law is no excuse.

■ While we can find no basis for the claim that "willfully" in 18 U.S.C. § 1001 requires a defendant's specific knowledge

that his conduct is criminal, we need not decide the issue, a matter of first impression in this Circuit. We merely hold that—in the absence of binding precedent from the Supreme Court or this Court—it was not "plain error" for the District Court to fail to instruct the jury that "willfully" under § 1001 required something more than that the defendant have been aware of the generally unlawful nature of his conduct. On the record before us, moreover, the jury's verdict that defendant violated § 1001 was not unreasonable.

## II. Materiality

■ Defendant next argues that the evidence at trial was insufficient to support his false statement conviction for submitting a forged baptismal certificate, because the Government failed to prove that the certificate was "materially false," as required by 18 U.S.C. § 1001. Defendant raised this argument below in a Rule 29 motion for a judgment of acquittal, which the District Court denied.

In challenging the sufficiency of the evidence, defendant "bears a heavy burden," *United States v. Kinney*, 211 F.3d 13, 16 (2d Cir.2000) (citation and internal quotation marks omitted). We must "consider the evidence 'in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government ....'" *United States v. Morrison*, 153 F.3d 34, 49 (2d Cir.1998) (quoting *United States v. Hernandez*, 85 F.3d 1023, 1030 (2d Cir.1996)). We will uphold the jury's verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781 (emphasis in original); *accord United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000).

■ Defendant relies on a federal regulation providing that the Passport Agency "will consider, as secondary evidence [of an applicant's birth in the United States], baptismal certificates, certificates of circumcision or other documentary evidence *created shortly after birth but not more than 5 years after birth.*" 22 C.F.R. § 51.43(b) (emphasis added). Defendant claims that in light of this provision, his forged baptismal certificate—with an issue date of June 20, 2001, more than five years after his birth—was, as a matter of law, not material, because the Passport Agency was not entitled to consider it.

We reject defendant's argument that 22 C.F.R. § 51.43(b) can only be construed to limit the Passport Agency's consideration of baptismal certificates to those issued within five years of birth. In instructing the Passport Agency to consider baptismal certificates "created shortly after birth but not more than 5 years after birth," the regulation focuses on when a record of baptism was *first created*—in other words, on the date of baptism. At trial, the Government offered the testimony of a priest at the church where defendant claimed he was baptized, who testified that once a baptism is performed, the church records the baptism, and at any subsequent time— including decades later—an individual may request an official certificate confirming the recorded date of baptism. A church that keeps track of baptisms will presumably record a baptism at or around the time of the baptism, and an official certificate based on that record will be probative of the date of baptism regardless of when the certificate is issued. Thus, Passport Agency officials could reasonably understand the regulation to contemplate their consideration of baptismal certificates showing that an applicant was *baptized* no more than five years after birth, because only such baptisms would be sufficiently probative of where the applicant was born.

Indeed, a fraud prevention manager employed by the Passport Agency testified at trial that it is the date of the applicant's baptism, rather than the date that the certificate was issued, that matters to the Passport Agency.

Here, defendant's proffered baptismal certificate indicated that he was born on May 27, 1975, and baptized on July 5, 1975. The Passport Agency was therefore entitled to consider it as evidence of defendant's place of birth, and he cannot claim that his forgery was immaterial as a matter of law.

A false statement is material if it has a "natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed." *Neder v. United States*, 527 U.S. 1, 16, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (citation and internal quotation marks omitted). Drawing all inferences in favor of the testimony offered by the Government as to the practices of the Passport Agency, *see Morrison*, 153 F.3d at 49, we cannot say that no reasonable factfinder could have found defendant's forged baptismal certificate to be a material misstatement.

### III. Reasonableness Instruction

■ Defendant's third argument is that the District Court committed reversible error by failing to instruct the jury that, in determining whether defendant "willfully and knowingly" made a false statement in his passport application in violation of 18 U.S.C. § 1542, the reasonableness of his belief about where he was born was not to be considered. The District Court instructed the jury that the Government was required to prove beyond a reasonable doubt, among other things, that defendant *knew* that he was *not* born in Brooklyn. Under these instructions, if defendant *believed* he was born in Brooklyn—regardless of whether that belief was reasonable—the jury was required to ac-

quit. Defendant argues that a district court must also specifically instruct the jury that the reasonableness of a defendant's beliefs about where he was born are not to be considered. We think an approach more consistent with the language of § 1542, which requires that a defendant act "willfully and knowingly" but does not mention reasonableness, is simply not to mention reasonableness at all in the jury instruction. The District Court's instruction—that the Government must prove beyond a reasonable doubt that defendant knew he was not born in Brooklyn—properly stood on its own, avoiding the risk of confusion inherent in bringing the concept of "reasonableness" to the jury's attention, and then asking the jury to disregard it. The District Court's jury instruction was therefore without error.

## Conclusion

To summarize, we hold that (1) the District Court did not commit "plain error" in failing to instruct the jury that "willfully" as used in 18 U.S.C. § 1001 requires a defendant's specific knowledge that lying to a federal agent was criminal, in the absence of binding authority from the Supreme Court or this Court requiring such an instruction; (2) defendant's forged baptismal certificate was not immaterial as a matter of law, despite its recent issue date; and (3) the District Court did not err in refusing to instruct the jury that the reasonableness of defendant's belief about where he was born was irrelevant to a prosecution under 18 U.S.C. § 1001.

Accordingly, the judgment of the District Court is affirmed.