**UNITED STATES of America,**
**Appellee,**

v.

**VELAZQUEZ Jose, Defendant,**

**Tony Ramos, Defendant–Appellant.**

**No. 03–1438.**

United States Court of Appeals, Second Circuit.

April 1, 2004.

Ivan Stephen Fisher, New York, NY, for Appellant.

John P. Collins, Jr. Assistant United States Attorney (Stephen J. Ritchin, Assistant United States Attorney, David N. Kelley, United States Attorney, on the

brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

Present: FEINBERG, CABRANES and POOLER, Circuit Judges.

### SUMMARY ORDER

Tony Ramos appeals from a judgment of conviction entered in the District Court on March 12, 2003, following a three-day jury trial. Ramos was convicted, *inter alia*, of conspiracy to distribute cocaine and crack cocaine and numerous money laundering violations.

Ramos's sole claim on appeal is that during the Government's opening statement to the jury, the prosecutor erred when he stated that the evidence would show that "in late February of last year, 2001, members of the DEA Task Force learned that people with bags and boxes were going in and out of Apartment 5E at 27 Ludlow Street at all hours of the day and night." According to Ramos, because no evidence was ultimately admitted at trial to show such suspicious activity at the apartment, the prosecutor committed "prejudicial prosecutorial misconduct."

A defendant asserting that a prosecutor's remarks warrant reversal of his conviction "face[s] a heavy burden, because the misconduct alleged must be so severe and significant as to result in the denial of [his] right to a fair trial." *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir.1993) (citations omitted). Moreover, because Ramos did not object to the prosecutor's statement in the District Court, we review only for plain error. *See United States v. Whab*, 355 F.3d 155, 158 (2d Cir.2004).

Applying this highly deferential standard, we conclude that Ramos has not shown any basis for relief. Ramos cannot show that the comment in the prosecutor's opening, viewed in the context of the whole trial, was so prejudicial as to have caused the miscarriage of justice that would justify reversal. First, Judge Martin repeatedly instructed the jury that the Government could only predict what the witnesses would say and that the openings and summations were not independent sources of evidence. In addition, Ramos's counsel reminded the jury in his closing argument that the Government provided no evidence to support its allegation of "strange goings on" in Ramos's apartment.

Finally, in light of the proof offered by the Government at trial, we do not believe that a single comment in the Government's opening could have led to Ramos's conviction. At trial, the Government proved that Ramos deposited tens of thousands of dollars of cash into multiple bank accounts, often making deposits of just under $10,-0000. The Government also proved that Ramos used false names and other devices to hide his connection to his apartment, in which the smell of narcotics was detected and which contained almost $6000 in cash (that contained a narcotic odor). Additionally, the Government established that Ramos's confederate's car, in which Ramos had placed $20,000 in cash, had various secret compartments that were designed, *and used*, to carry cocaine. In light of this array of evidence, it is implausible that the single remark about which Ramos complains, even assuming it was improper, undermined his right to a fair trial.

We have considered all of the defendant's claims on appeal and we hereby **AFFIRM** the judgment of the District Court.