**UNITED STATES of America,**
**Appellee,**

v.

**Carl CARRASQUILLO, Defendant–**
**Appellant.**

No. 06–2890–cr.

United States Court of Appeals,
Second Circuit.

June 27, 2007.

Barry Gene Rhodes, Brooklyn, NY, for Appellant.

Andrea Goldbarg, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, RALPH K. WINTER and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Carl Carrasquillo appeals from a judgment of conviction sentencing him to a term of time served, two years of supervised release, and a $100 special assessment. Defendant was convicted, after a jury trial, of making false statements in a matter within the jurisdiction of the Veterans Administration (VA), his employer, in violation of 18 U.S.C. § 1001, when he denied owning or having owned an off-duty weapon after being asked directly by an investigator for the VA. VA rules preclude VA police from owning off-duty weapons.

On appeal, defendant argues that the evidence was insufficient to support his conviction. We have stated that "[t]o suc-cessfully challenge the sufficiency of evidence underlying his conviction, [a] defendant bears a heavy burden of showing ... that no rational trier of fact could have found him guilty." *United States v. Gaines*, 295 F.3d 293, 299–300 (2d Cir. 2002) (internal quotation marks deleted) (ellipse in original).

In particular, defendant argues that the government did not prove the materiality of the allegedly false statement. Defendant does not deny making the statement, but claims that because the statement was made to a VA investigator who was not actively investigating whether defendant owned an unauthorized firearm, it was not "material" within the meaning of 18 U.S.C. § 1001. Defendant's argument fails. A false statement is material under 18 U.S.C. § 1001 if it has a "natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it is addressed." *United States v. Gaudin*, 515 U.S. 506, 509, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). A false statement can be material if it is "capable of distracting investigators" from pursuing and broadening their investigation. *United States v. Stewart*, 433 F.3d 273, 318 (2d Cir.2006). In this case, the government presented evidence that the investigator had the authority to investigate whether Carrasquillo had engaged in unprofessional conduct or had misrepresented the VA when he allegedly displayed a firearm to trespassers at his residence. Carrasquillo's statement that he had never owned an off-duty firearm was clearly material to this inquiry as it went to the heart of whether he had the means of engaging in the possibly unprofessional conduct.

Defendant also claims the government did not prove willfulness. This argu-

ment also fails. To convict a defendant of violating 18 U.S.C. § 1001, the government must prove that the defendant: (i) knowingly and willfully, (ii) made a statement, (iii) in relation to a matter within the jurisdiction of a department or agency of the United States, (iv) with knowledge that it was false or fictitious and fraudulent. Willfulness relates to the making of the false statement, not to knowledge that the statement would violate a law. *See United States v. George*, 386 F.3d 383, 394 (2d Cir.2004); *see also United States v. Whab*, 355 F.3d 155, 161 (2d Cir.2004) ("[N]othing in the language or structure of 18 U.S.C. § 1001 suggests that 'willfully' requires proof that a defendant knew his conduct was a crime, and § 1001 does not contain any 'purpose' requirement that would be rendered superfluous by the Government's interpretation."). The Government presented evidence that defendant made the same false statement twice when asked directly and that he knew that what he was saying was false. The evidence presented would support a jury's determination that the petitioner acted willfully.

We have considered each of defendant's arguments and find them to be without merit.

Accordingly, we hereby **AFFIRM** the judgment of the District Court.