22-2956-cr
*United States v. Brillon*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand twenty-four.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                                     22-2956-cr

MICHAEL J. BRILLON,

> *Defendant-Appellant.*

---

| | |
|---|---|
| FOR APPELLEE: | JONATHAN A. OPHARDT, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney, *on the brief*), *for* Nikolas P. Kerest, United States Attorney for the District of Vermont, Burlington, Vermont. |
| FOR DEFENDANT-APPELLANT: | MICHELLE ANDERSON BARTH, Burlington, Vermont. |

Appeal from a judgment of the United States District Court for the District of Vermont (Geoffrey W. Crawford, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on November 8, 2022, is **AFFIRMED**.

Defendant-Appellant Michael Brillon appeals from the judgment of the district court sentencing him to a twenty-one-month term of imprisonment, followed by two years of supervised release, after he pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Brillon did not challenge the constitutionality of Section 922(g)(1) in the district court; nevertheless, on appeal, Brillon's sole contention is that this Court should reverse his conviction because the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) (hereinafter "*Bruen*"), has effectively rendered Section 922(g)(1) unconstitutional. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

The parties agree that because Brillon challenges the constitutionality of Section 922(g)(1) for the first time on appeal, this Court reviews only for plain error. "For an error to be plain, it must, at a minimum, be clear under current law. We typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) (internal quotation marks and citation omitted). In *United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013) (per curiam), we upheld the constitutionality of Section 922(g)(1). *Bruen*, which arose from a civil challenge to New York State's gun licensing requirements, did not concern the

2

constitutionality of Section 922(g)(1). *See* 571 U.S. at 16. Moreover, Brillon cites to no case authority in this Circuit since *Bogle* to support his argument that the constitutionality of Section 922(g)(1) is unclear. We have not yet addressed the statute's constitutionality in light of *Bruen*, but we held in a non-precedential summary order, with respect to a similar constitutional challenge to another subsection of the statute that prohibits users of controlled substances from possessing firearms, 18 U.S.C. § 922(g)(3), that the conviction should be upheld on plain error review because "the contention that [Section] 922(g)(3) is unconstitutional [post-*Bruen*] is not clear under current law." *United States v. Stephenson*, No. 21-74-cr, 2023 WL 3402310, at *1 (2d Cir. May 12, 2023). We see no basis for reaching a different conclusion here.

Therefore, although we recognize that there are multiple pending cases before prior panels in this Circuit raising the constitutionality of Section 922(g)(1) following *Bruen*, *see, e.g.*, *United States v. Thawney*, 22-1399; *Zherka v. Garland*, 22-1108, we need not address the merits of that argument here because we conclude, at a minimum, that the constitutional infirmity alleged by Brillon as to his Section 922(g)(1) conviction is not clear under current law. We therefore discern no basis to disturb Brillon's conviction under plain error review.

\* \* \*

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3