23-6665-cr
*United States v. Leiser*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of December, two thousand twenty-four.

PRESENT:    José A. Cabranes,
            Richard C. Wesley,
            Steven J. Menashi,
                    *Circuit Judges.*

_____

United States of America,

        *Appellee,*

        v.                                                    No. 23-6665-cr

Maxwell Leiser,

        *Defendant-Appellant.*[*]

_____

_____

[*]  The Clerk of Court is directed to amend the caption as set forth above.

*For Appellee*:                    JOSHUA ROTHENBERG, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, New York.

*For Defendant-Appellant*:          RANDA D. MAHER, Maher & Pittell LLP, Great Neck, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED** in part, and the case is **REMANDED** in part with instructions to vacate one of the convictions under 18 U.S.C. § 922(g)(1).

Maxwell Leiser pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), and 846; one count of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and one count of possessing ammunition after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Leiser to concurrent sentences of 130 months

2

of imprisonment for his drug offense and 120 months of imprisonment for each of his § 922(g)(1) offenses. The district court also imposed concurrent terms of four years of supervised release for his drug offense and three years of supervised release for each of his § 922(g)(1) offenses. On appeal, Leiser argues that the district court miscalculated the base offense level for his drug offense, that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him, and that his § 922(g)(1) convictions are multiplicitous. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I

Leiser argues that the district court erred by considering twenty-four grams of methamphetamine found in his kitchen as "relevant conduct" when calculating the base offense level for his drug offense. We review a district court's consideration of relevant conduct for clear error. *United States v. McCray*, 7 F.4th 40, 47 (2d Cir. 2021). According to Leiser, his methamphetamine possession did not qualify as relevant conduct because the government did not charge his methamphetamine possession and did not offer evidence connecting the methamphetamine to his offense conduct other than "temporal proximity." We disagree.

Under § 1B1.3(a)(2) of the sentencing guidelines, for "offenses of a character for which § 3D1.2(d) would require grouping," relevant conduct includes "all acts and omissions … that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Section 3D1.2(d) requires the grouping of offenses "[w]hen the offense level is determined largely on the basis of … the quantity of a substance involved," including "[o]ffenses covered by" § 2D1.1—the guideline for Leiser's drug offense. *Id.* § 3D1.2(d); *see* U.S.S.G. App. A (identifying U.S.S.G. § 2D1.1 as the applicable guideline for violations of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846). Leiser's methamphetamine possession thus qualified as relevant conduct if it was part of the "same course of conduct" as his drug offense. *Id.* § 1B1.3(a)(2).

Offenses are "part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *Id.* § 1B1.3 cmt. n.5(B)(ii). That determination depends on "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.* "The same course of conduct concept looks to whether the defendant repeats the same type of criminal activity over time. It does not require that acts be

4

connected together by common participants or by an overall scheme." *McCray*, 7 F.4th at 48 (internal quotation marks and alterations omitted).

The district court did not clearly err in concluding from the evidence that Leiser's methamphetamine possession qualified as relevant conduct. Contrary to Leiser's argument, evidence other than "temporal proximity" connected the methamphetamine to his offense conduct. Officers found the methamphetamine in Leiser's kitchen along with six grams of cocaine base and paraphernalia indicative of drug distribution, including a digital scale, glassine envelopes, and chemicals and instruments used to mix drugs. The district court could conclude based on a preponderance of the evidence that Leiser possessed the methamphetamine with an intent to distribute. The "degree of similarity of the offenses … and the time interval between the offenses" indicate that Leiser's methamphetamine possession was relevant conduct to his drug offense under § 1B1.3(a)(2). U.S.S.G. § 1B1.3 cmt. n.5(B)(ii); *see United States v. Burnett*, 968 F.2d 278, 280 (2d Cir. 1992) (concluding that the defendant's purchases of cocaine during the same year as his conviction for possession with intent to distribute marijuana was relevant conduct based on the "sufficient similarity and temporal proximity" of the offenses).

Leiser emphasizes that the government did not bring charges against him related to the methamphetamine. But the guidelines provide that "[t]ypes and quantities of drugs not specified in the count of conviction may be considered in determining the offense level." U.S.S.G. § 2D1.1 cmt. n.5 (citing U.S.S.G. § 1B1.3(a)(2)); *see also id.* § 1B1.3 cmt. n.5(A) (stating that § 1B1.3(a)(2) "applies to offenses for which grouping of counts would be required under § 3D1.2(d) had the defendant been convicted of multiple counts"). The guidelines do not require the government to bring charges for methamphetamine possession for that conduct to affect Leiser's base offense level.

Because the methamphetamine possession was part of the same course of conduct as Leiser's drug offense, we see no clear error in the decision of the district court to treat it as relevant conduct.[1]

## II

Leiser also argues that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him in light of the Supreme Court's decisions in *New York State Rifle & Pistol Ass'n*

---

[1] Because Leiser's methamphetamine possession qualified as relevant conduct under § 1B1.3(a)(2), we need not address whether it also qualified as relevant conduct under U.S.S.G. § 1B1.3(a)(1).

*v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). Section 922(g)(1) makes it unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," to possess a firearm or ammunition. 18 U.S.C. § 922(g)(1). Leiser argues that his predicate offense—a Class D felony conviction for criminal possession of a controlled substance in the fifth degree—"cannot support his permanent disarmament." Appellant's Br. 27. Leiser did not raise this challenge before the district court, so we review for plain error. *See United States v. Rainford*, 110 F.4th 455, 473 (2d Cir. 2024). Accordingly, Leiser must show that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020).

Leiser fails to make that showing. "We typically will not find [plain] error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) (internal quotation marks omitted). We have recently observed that "neither this Court nor the Supreme Court" has "decided

the constitutionality of section 922(g)(1) in the wake of the Supreme Court's decisions" in *Bruen* and *Rahimi*. *United States v. Garcia,* No. 22-749, 2024 WL 4510782, at *1 (2d Cir. Oct. 17, 2024). "Absent such clear and binding precedent, we cannot say that the district court plainly erred." *Id.*; *see also United States v. Langston*, 110 F.4th 408, 420 (1st Cir. 2024); *United States v. Brinson*, No. 23-2075, 2024 WL 4164268, at *2 (3d Cir. Sept. 12, 2024); *United States v. Hewlett*, No. 23-2040, 2024 WL 4564645, at *4 (6th Cir. Oct. 24, 2024). For that reason, we reject Leiser's constitutional challenge.

### III

The parties agree that Leiser's § 922(g)(1) convictions are multiplicitous. "[A] convicted felon who simultaneously possesses various firearms and rounds of ammunition can generally only be charged with a single violation of § 922(g)." *United States v. Olmeda*, 461 F.3d 271, 280 (2d Cir. 2006). Although the government may bring charges for both offenses "if the evidence shows that the felon acquired possession of the firearms or ammunition on different occasions, or that he stored them at different sites," *id.*, the government made no such showing here.

"Ordinarily, the appropriate remedy is to remand to the district court to vacate the multiplicitous counts and to adjust the sentencing accordingly." *United*

8

*States v. Zvi*, 168 F.3d 49, 57-58 (2d Cir. 1999). We follow that course here. We remand to the district court to vacate one of Leiser's § 922(g)(1) convictions and to adjust his sentence accordingly.

\* \* \*

We have considered Leiser's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment with respect to the calculation of the base offense level and the conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We remand to the district court to vacate one of Leiser's § 922(g)(1) convictions and to adjust his sentence accordingly.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court