24-1796-cr
United States v. Fruge

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand twenty-five.

PRESENT:  DENNIS JACOBS,
　　　　　　　　DENNY CHIN,
　　　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

　　　　　　　*Appellee*,

　　　v.　　　　　　　　　　　　　　　　　　　　No. 24-1796-cr

COREY FRUGE, AKA SEALED DEFENDANT, AKA CORY JAMES FRUGE,

　　　　　　　*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: James P. Egan, Assistant Federal Public Defender, Syracuse, NY

FOR APPELLEE: Thomas R. Sutcliffe, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED in part, and the cause is REMANDED for further proceedings consistent with this order.

Defendant Corey Fruge, who stands convicted of one count of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a), appeals from a June 28, 2024 judgment of the United States District Court for the Northern District of New York (Hurd, *J.*) sentencing him principally to a below-Guidelines sentence of 240 months' imprisonment followed by a 25-year term of supervised release with special conditions. We assume the parties' familiarity with the underlying

facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

Fruge argues that the District Court erroneously relied on the fact that he remained silent at sentencing to infer that he had "no remorse for what he did." App'x 137. Because Fruge did not object to his sentence on this basis, we review his challenge for plain error. *See United States v. Rasheed*, 981 F.3d 187, 196 (2d Cir. 2020). Whether a defendant's silence can bear upon a district court's determination of lack of remorse consistent with the Fifth Amendment is an open question. *See Mitchell v. United States*, 526 U.S. 314, 330 (1999); *United States v. Rivera*, 201 F.3d 99, 101 (2d Cir. 1999). Typically, "an error cannot be deemed 'plain[]' in the absence of binding precedent" from this Court or the Supreme Court, especially where, as here, "there is a genuine dispute among the other circuits" on the relevant issue. *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004); *see White v. Woodall*, 572 U.S. 415, 421–22 & n.3 (2014). In the absence of relevant precedent on the issue, we conclude that the District Court did not plainly err, even though it considered Fruge's silence at sentencing to infer that he lacked remorse.

Pointing to other evidence of his remorse, Fruge responds that the District Court's finding that he lacked remorse was clear error even assuming it could legally consider his silence. It is true that the District Court found that Fruge had accepted responsibility and was thus entitled to a three-point offense level reduction pursuant to U.S.S.G. § 3E1.1. But even "where the district court grant[s] acceptance-of-responsibility credit," it is free to separately consider "the defendant's lack of remorse" as a sentencing factor. *United States v. Singh*, 877 F.3d 107, 121 (2d Cir. 2017). The record reflects only counsel's assertion that Fruge appreciated the wrongfulness of his actions, rather than an apology directly from Fruge. The District Court's factual finding on remorse was therefore not clearly erroneous.

Fruge also argues that his 240-month sentence, which was above the applicable 15-year statutory minimum sentence, was substantively unreasonable. Specifically, Fruge contends that his "perceived lack of remorse cannot bear the weight" that the District Court placed on it to support its sentence. Appellant's Br. 18. We disagree. The District Court not only considered Fruge's lack of remorse but also weighed that factor along with the aggravated nature of Fruge's crime, which the District Court described in detail. Because we "seek[] to ensure

4

only that a factor can bear the weight assigned it under the totality of circumstances in the case," we find no error on this ground. *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quotation marks omitted). Fruge also insists that the District Court failed to consider his mental health history or his parallel state court charges in mitigation of sentence. But the record demonstrates that the District Court considered both of these factors. On the record before us, we conclude that Fruge's sentence was neither "shockingly high" nor "otherwise unsupportable as a matter of law." *United States v. DiMassa*, 117 F.4th 477, 482 (2d Cir. 2024) (quotation marks omitted).

Last, Fruge argues that the District Court erred in limiting him to one internet-capable device as a special condition of his supervised release. "[A] restriction limiting a supervisee to just one internet-connected device" poses "a significant burden on his liberty." *United States v. Kunz*, 68 F.4th 748, 767 (2d Cir. 2023). The imposition of such a condition must therefore be "justified by particularized on-the-record findings." *Id.*; *see also United States v. Eaglin*, 913 F.3d 88, 94–95 (2d Cir. 2019). The Government concedes that the District Court's imposition of this condition was not supported by sufficient on-the-record findings in court. We agree. We therefore vacate the District Court's sentence

only insofar as it imposes this special condition.  On remand, the District Court should either provide individualized reasons for imposing the special condition or strike it from the judgment.

We have considered Fruge's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED in part, and the cause is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court