13-4852-cr
United States v. Davis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand fourteen.

PRESENT: PIERRE N. LEVAL,
　　　　　　CHESTER J. STRAUB,
　　　　　　REENA RAGGI,
　　　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
　　　　　　　　　　*Appellee*,

　　　　　　v.　　　　　　　　　　　　　　　　　No. 13-4852-cr

TAMIKA DAVIS,
　　　　　　　　　　*Defendant-Appellant*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:　　JAYME FELDMAN (Leslie E. Scott, *on the brief*), Federal Public Defender's Office, Western District of New York, Buffalo, New York.

APPEARING FOR APPELLEE:　　JOSEPH KARASZEWSKI (Monica J. Richards, *on the brief*), Assistant United States Attorneys, *for* William J. Hochul, Jr., United States

1

Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 13, 2014, is AFFIRMED.

Defendant Tamika Davis stands convicted of violating seven conditions of supervised release imposed in connection with her earlier conviction of bank fraud. See 18 U.S.C. § 1344. Davis challenges her conviction on four of the violations and contends that her within-Guidelines sentence of an additional 27 months' imprisonment was substantively unreasonable. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Violation of Supervised Release

"A district court's finding that a defendant has violated conditions of supervised release is reviewed for abuse of discretion, and its factual findings are reviewed for clear error." United States v. Glenn, 744 F.3d 845, 847 (2d Cir. 2014) (internal citation omitted). The district court may revoke supervised release and require the defendant to serve a prison term if the court "'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" Id. (quoting 18 U.S.C. § 3583(e)(3)).

2

Davis contends that the district court erred in finding her to have violated her supervision by making two false statements and two omissions in reports to probation officers because the statements and omissions (1) were not material, as they did not affect how probation officers supervised her; and (2) were not made knowingly and willfully. These arguments are meritless largely for the reasons stated in the district court's December 5, 2013 opinion.

First, Davis's lies and omissions regarding disclosure of car rentals and related expenditures were material to her supervision because probation officers were charged with ensuring that Davis met various financial obligations, including restitution to victims. Because Davis's deceptions were thus "capable of influencing" her supervising officers, materiality is demonstrated. United States v. Whab, 355 F.3d 155, 163 (2d Cir. 2004) (stating that, under 18 U.S.C. § 1001, "false statement is material if it has a 'natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed'" (quoting Neder v. United States, 527 U.S. 1, 16 (1999))).

Second, the district court considered Davis's professed lack of deceptive intent and found her not credible in light of the probation officers' competing testimony and a thorough review of the monthly supervision reports. "We accord strong deference to a district court's credibility determinations, particularly where that court based its findings on such determinations." United States v. Carlton, 442 F.3d 802, 811 (2d Cir. 2006). In

3

this case, we identify no error in the district court's determination that Davis willfully lied and omitted material information in violation of the conditions of her supervised release.

2.      Substantive Reasonableness

"The standard of review on the appeal of a sentence for violation of supervised release is . . . the same standard as for sentencing generally: whether the sentence imposed is reasonable." United States v. McNeil, 415 F.3d 273, 277 (2d Cir. 2005). In arguing substantive unreasonableness, Davis "bears a heavy burden because our review of a sentence for substantive reasonableness is particularly deferential." United States v. Broxmeyer, 699 F.3d 265, 289 (2d Cir. 2012). We will set aside a sentence on substantive grounds "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). That is not this case.

In urging vacatur, Davis contends that (a) the district court failed to consider certain mitigating factors, and (b) the nature and circumstances of the violations warranted a lesser sentence.

Davis's first argument is meritless. We do not require sentencing courts to identify or discuss on the record each mitigating factor considered. See United States v. Broxmeyer, 699 F.3d at 295 n.31 (collecting cases). Moreover, Davis cannot point to anything in the record indicating that the district court failed to consider her mitigation arguments prior to sentencing. See United States v. Cossey, 632 F.3d 82, 87 (2d Cir.

4

2011) ("A reviewing court entertains a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise." (internal citation and quotation marks omitted)).

Insofar as Davis argues that the district court should have weighed certain mitigating factors differently, "we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor" absent procedural error or a substantively unreasonable sentence. United States v. Pope, 554 F.3d 240, 247 (2d Cir. 2009) (internal quotation marks omitted).

Finally, to the extent Davis identifies error in the district court's alleged failure to articulate sufficient reasons for the sentence imposed, we disagree. While the district court could have been clearer in stating the reasons, it is apparent in context that the judge relied on factors highlighted by the government during the sentencing proceedings. This included Davis's extensive criminal history, her multiple violations of the conditions of supervised release, and her repeated untruthfulness with the court and probation. See J.A. 496–97. The court also commented to the effect that the court's prior leniency in granting Davis a two-level downward departure had not improved Davis's compliance, thus justifying greater severity. The court stated that Davis appeared to view "the Court and probation office [as] an inconvenience to her life." Id. at 499–500. In the context of this case, this was a sufficient explanation of reasons for its within-Guidelines sentence. See Rita v. United States, 551 U.S. 338, 356 (2007) ("[W]hen a judge decides simply to apply

5

the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.").

Likewise meritless are Davis's arguments for why 27 months was an unreasonable sentence. "[A]lthough we do not presume that a within-Guidelines sentence is substantively reasonable, in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Wagner-Dano, 679 F.3d 83, 95 (2d Cir. 2012) (internal citations and quotation marks omitted). Nothing in the record of this case warrants a different conclusion. The district court articulated concern that Davis's behavior revealed "a person with no regard for the norms of society," which we understand as referring to her apparent disregard for compliance with the law. J.A. 499. Her seven violations of conditions of supervised release, which included her conceded shoplifting within hours of committing to Reentry Court participation as well as persistent deceit in dealing with probation officers, support that assessment. Under such circumstances, we cannot say that a 27-month within-Guidelines sentence was substantively unreasonable.

3.      Conclusion

We have considered Davis's remaining arguments and conclude that they are without merit.   Therefore, we AFFIRM the judgment of the district court.

                        FOR THE COURT:
                        CATHERINE O'HAGAN WOLFE, Clerk of Court