United States v. Xing Lin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand seventeen.

PRESENT: JON O. NEWMAN,
         DENNIS JACOBS,
                   <u>Circuit Judges</u>,
         LEWIS A. KAPLAN,[*]
                   <u>District Judge</u>,

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         <u>Appellee</u>,

         -v.-                                          14-4133[**]

XING LIN,
         <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - -X

---

[*]  Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

[**]  We respectfully direct the Clerk of Court to amend the caption.

FOR APPELLANT:                    MEGAN WOLFE BENETT, Kreindler &
                                  Kreindler LLP, New York, NY.

FOR APPELLEE:                     JENNIFER E. BURNS (with Michael
                                  Ferrara on the brief), for Preet
                                  Bharara, United States Attorney
                                  for the Southern District of New
                                  York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cedarbaum, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Xing Lin appeals from the judgment of the United States District Court for the Southern District of New York (Cedarbaum, <u>J.</u>).  A jury convicted Lin of extortion, racketeering, conspiracy to commit racketeering, and murder through the use of a firearm during and in relation to a crime of violence, but acquitted him of conspiracy to commit extortion.  The district court sentenced Lin principally to life in prison on the murder and racketeering offenses, and to a concurrent twenty-year sentence on the substantive extortion offense.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.**  Lin argues that the district court improperly rejected his attempt to plead guilty.  At Lin's first attempted plea allocution, the district court was unconvinced that Lin had adequately pleaded to all elements of the charged crime.  Near the end of that proceeding, the district court stated: "I will accept the plea, but I would really like to hear another allocution."  App'x at 84.  The district court requested additional legal authorities and a further allocution the following day.  However, when Lin appeared the next day, his counsel immediately informed the district court that Lin was "not prepared to go forward with his plea of guilty that we attempted to enter yesterday." App'x at 91.

We review a district court's decision to accept or reject a guilty plea for abuse of discretion, <u>United States v. Severino</u>, 800 F.2d 42, 46-47 (2d Cir. 1986).  The district court did not abuse its discretion in asking the

2

parties to reappear the next day to explain the legal and factual basis for the plea.  The district court did not improperly "reject" Lin's guilty plea; Lin only attempted to enter a plea the previous day, the district court said it "will" accept it after further allocution, but Lin then decided not to enter a plea.

**2.a.**  Lin was convicted of using a firearm "in relation to a crime of violence."  See 18 U.S.C. § 924(c)(1)(A), (j).  Lin argues that the predicate crime, Hobbs Act extortion, is not a "crime of violence."  In relevant part, § 924 defines a "crime of violence" as a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  Id. § 924(c)(3)(B).  After Lin's trial, the Supreme Court provided guidance on how to construe a similar statutory provision: "[d]eciding whether the . . . clause covers a crime . . . requires a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury."  Johnson v. United States, 135 S. Ct. 2552, 2557 (2015).  Lin argues that the "ordinary case" of Hobbs Act extortion does not involve a substantial risk of the use of physical force.

Because Lin did not raise this argument below, it is reviewed for plain error.  See Fed. R. Crim. P. 52(b).  Plain error review requires the defendant to show: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  United States v. Vilar, 729 F.3d 62, 70 (2d Cir. 2013) (quoting United States v. Marcus, 560 U.S. 258, 262 (2010)).

"For an error to be plain, it must, at a minimum, be clear under current law."  United States v. Whab, 355 F.3d 155, 158 (2d Cir. 2004) (quotation marks omitted) (quoting United States v. Weintraub, 273 F.3d 139, 152 (2d Cir. 2001)).  "We typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court."  Id. (quotation marks omitted).

3

It is far from clear that the "ordinary case" of Hobbs Act extortion would not entail a substantial risk of the use of physical force. Although Lin cites several Second Circuit cases indicating that fear of economic harm can be *sufficient* for Hobbs Act extortion, these examples are not necessarily the "ordinary case." Therefore, even if the district court did err, such error was not "clear or obvious."[1]

**b.** Lin asserts error in the aiding and abetting instructions on his 18 U.S.C. § 924(c) count. After Lin's trial, the Supreme Court decided Rosemond v. United States, 134 S. Ct. 1240, 1251-52 (2014), which held that a defendant may not be convicted for aiding and abetting use of a firearm in relation to a crime of violence unless the district court instructs the jury that the defendant had "advance knowledge of a firearm's presence." The district court did not do so, and the government concedes that Rosemond renders the instructions erroneous.

We review for plain error and affirm Lin's conviction because there is not a "reasonable probability that the error affected the outcome of the trial." United States v. Prado, 815 F.3d 93, 102 (2d Cir. 2016) (quoting United States v. Marcus, 628 F.3d 36, 42 (2d Cir. 2010)).

Lin argues that he did not know his bodyguard was carrying a weapon when Lin and his bodyguard entered a nightclub in July 2004; this bodyguard shot three people, killing two. However, two witnesses testified that Lin verbally ordered his bodyguard to "shoot" one of the victims, which would support an inference of foreknowledge. App'x at 308, 640. Lin attacks the credibility of these witnesses and argues that there is no other evidence to suggest Lin's advance knowledge. However, a third witness testified that, in a phone call after the murder, Lin said he had only intended his bodyguard "to shoot [the victim] on his arms or legs." App'x at 511. The testimony of these three witnesses defeats any "reasonable probability" that

---

[1] Lin also asserts for the first time on appeal that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. We rejected that argument in United States v. Hill, 832 F.3d 135, 145 (2d Cir. 2016).

4

the erroneous jury instruction would have affected the trial's outcome.[2]

**3.** Lin's racketeering convictions required a jury finding of at least two acts of racketeering activity. See 18 U.S.C. §§ 1962(c) & (d); 1961(5). The special verdict listed five acts of racketeering activity: murder in violation of state law, extortion, and three acts of conducting an illegal gambling operation. Lin contends that there is insufficient evidence to support the findings as to gambling because the government failed to introduce evidence that he conducted games of chance as defined by state law.

Assuming Lin is correct, the jury still would have found that Lin engaged in two acts of racketeering (murder and extortion). Although two predicate acts can justify a racketeering conviction, Lin argues that the jury might have acquitted him if it had to rely only on the murder and extortion charges. In at least two instances, we have declined to uphold racketeering convictions after invalidating several of the predicate acts, notwithstanding two or more remaining valid predicate acts. See United States v. Biaggi, 909 F.2d 662, 693 (2d Cir. 1990); United States v. Delano, 55 F.3d 720, 728-29 (2d Cir. 1995). However, in those cases, we emphasized that the invalidated predicate acts "represented the bulk of th[e] [racketeering] prosecution, eclipsing all else." Delano, 55 F.3d at 729. It cannot be said that issues related to gambling "eclipsed" discussion of murder and extortion. Most of the government's closing argument dealt with the murders and other violence associated with Lin. We decline to vacate Lin's racketeering convictions.

**4.** Lin requests a new trial based on the government's purportedly improper summation. "[A] defendant who seeks to overturn his conviction based on alleged prosecutorial misconduct in summation bears a heavy burden," and must show that the allegedly improper comments, "in the context of the entire trial, [were] so severe and significant as to have

---

[2] We would reach the same conclusion regardless of whether the government or Lin bears the burden of establishing prejudice (or the lack thereof). Accordingly, we need not consider whether the "modified plain error rule," which places the burden on the government, remains good law. See Prado, 815 F.3d at 102.

substantially prejudiced him, depriving him of a fair trial." United States v. Farhane, 634 F.3d 127, 167 (2d Cir. 2011) (quotation marks and citations omitted).

Lin asserts that the government summation improperly shifted the burden of proof to the defense, disparaged defense counsel, and vouched for the government's witnesses. We disagree. When read in context, the prosecutor's comments fairly responded to Lin's attack on the credibility of the government witnesses. "The government is ordinarily permitted to respond to arguments impugning the integrity of its case." United States v. Bautista, 23 F.3d 726, 733 (2d Cir. 1994) (quotation marks and citation omitted). In any event, Lin has not sustained his "heavy burden" of showing that the comments were so severe in the context of the entire proceeding as to deprive Lin of a fair trial. Farhane, 634 F.3d at 167.

**5.** Lin challenges his sentence as procedurally and substantively unreasonable. Lin did not raise these challenges below, so they are reviewed for plain error. United States v. Gamez, 577 F.3d 394, 397 (2d Cir. 2009).

**a.** Lin argues that the sentencing range was miscalculated because his racketeering guideline range was pegged to first-degree murder rather than second-degree murder. Lin points to no precedent indicating this was error. Indeed, we have held in a similar case that first-degree murder could be the proper reference, at least in some circumstances. See United States v. Minicone, 960 F.2d 1099, 1110 (2d Cir. 1992). If there was error, it was not "clear," and therefore not plain. See Whab, 355 F.3d at 158.

**b.** Lin contends that the district court's brief explanation of the sentence was insufficient to ensure that the district court adequately considered the appropriate sentencing factors. However, the district court acknowledged the seriousness of Lin's crime, mentioned his personal traits, stated that she reviewed all of the parties' filings, listened to Lin's sentencing statement, and adopted the findings contained in the Presentence Report. Lin has failed to show that the brevity of the court's explanation "seriously affects the fairness, integrity or public reputation of judicial proceedings." Vilar, 729 F.3d at 70. Consequently, there is no plain error.

**c.** Lin alludes to the possibility that his ethnicity affected his sentence. The comments that Lin cites do not come close to suggesting that the district court's sentencing was improperly influenced by race.

**d.** Lin argues his life sentence is substantively unreasonable. But Lin was responsible for his subordinate purposefully killing one person and inadvertently killing a bystander. Lin also engaged in racketeering and extortion. His sentence was "within the range of permissible decisions," and we do not disturb it. United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007) (quoting United States v. Fuller, 426 F.3d 556, 562 (2d Cir. 2005)).

For the foregoing reasons, and finding no merit in Lin's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK