17-2894-cr
*United States v. Lobo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand eighteen.

PRESENT: BARRINGTON D. PARKER,
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

-----------------------------------------------------------------
United States of America,

*Appellee*,

v.                                                        No. 17-2894-cr

Ludwig Criss Zelaya Romero, Mario Guillermo Mejia Vargas, Juan Manuel Avila Meza, Carlos Jose Zavala Velasquez, Victor Oswaldo Lopez Flores, Jorge Alfredo Cruz Chavez, Carlos Alberto Valladares Zuniga,

*Defendants*,

Fabio Porfirio Lobo, AKA Fabio Porfirio Lobo Lobo, AKA Fabio Lobo,

*Defendant-Appellant.*

-------------------------------------------------------------------------

| | |
|---|---|
| For Appellant: | MANUEL RETURETA, Retureta & Wassem, PLLC, Washington, DC. |
| | |
| For Appellee: | EMIL J. BOVE III, Assistant United States Attorney (Matthew Laroche and Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 5, 2017 is **AFFIRMED**.

Defendant Fabio Porfirio Lobo ("Lobo") pleaded guilty to one count of conspiracy to manufacture and distribute, and to import into the United States, five or more kilograms of cocaine, in violation of 21 U.S.C. § 963, and was sentenced to 288 months of imprisonment to be followed by five years of supervised release. Lobo used his position as the son of a President of Honduras to help the Honduran drug trafficking organization known as the "Cachiros" smuggle hundreds of kilograms of cocaine bound for the United States through Honduras.

In a separate opinion filed concurrently with this summary order, we hold that the district court did not err in applying the enhancement under U.S.S.G. § 2D1.1(b)(15)(C)

2

in its Guidelines calculation, and thus properly determined that Lobo's drug-related activity outside the United States constituted "direct[] involve[ment] in the importation of a controlled substance." In this summary order we address Lobo's remaining argument that "his due process rights were violated at sentencing." Appellant's Br. at 26. Lobo alleges several errors with the imposition of his sentence that amount to challenges to the procedural and substantive reasonableness of his sentence.

In our procedural and substantive review of a sentence imposed by a district court, we apply a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2008) (*en banc*) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

I.    **Testimony of Cooperating Witness Devis Leonel Rivera Maradiaga**

After Lobo entered his guilty plea, the parties requested an evidentiary hearing pursuant to *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979). The government's sole witness at the *Fatico* hearing was Devis Leonel Rivera Maradiaga ("Rivera Maradiaga"), one of the leaders of the Cachiros drug trafficking organization. The district court found Rivera Maradiaga "credible in light of the entirety of the record and observations of his tone, demeanor and straightforward answers." *See United States v. Lobo*, No. 15-cr-174

3

(LGS), 2017 WL 2838187, at *2 (S.D.N.Y. June 30, 2017).[1]

Lobo submits that the district court erred in relying on Rivera Maradiaga's testimony because it "lacked sufficient indicia of reliability." Appellant's Br. at 40. We are not persuaded. "Mindful of the district court's significant advantage in seeing the witnesses testify, we review its credibility finding only for clear error." *United States v. Messina*, 806 F.3d 55, 64 (2d Cir. 2015). "The law affords a factfinder considerable discretion in resolving evidentiary inconsistencies. Inconsistency may prompt a factfinder to reject both versions of an account, or to accept one over the other based on a finding that one witness's recollection is more reliable or credible than the other." *Id.*

The district court acted well within its discretion in crediting Rivera Maradiaga's testimony. Rivera Maradiaga's testimony is consistent with Lobo's admission that he agreed to assist Rivera Maradiaga in transporting hundreds of kilograms of cocaine through Honduras. *See Lobo*, 2017 WL 2838187, at *2 ("Defendant 'does not object' to the Government's proposed findings of fact (based on Rivera [Maradiaga]'s testimony) regarding Lobo's involvement in a 400-kilogram shipment in 2012 and a 1,000-kilogram shipment in 2013."). Rivera Maradiaga's testimony was also corroborated by recordings

---

[1] The district court also found that Rivera Maradiaga's misstatement regarding the date of the founding of a Cachiros-affiliated front company to receive Honduran government contracts in exchange for kickbacks did not meaningfully impugn Rivera Maradiaga's credibility and was ultimately immaterial to the core issues underlying the sentencing enhancements at issue. *Id.*

4

of Lobo arranging future deliveries with Rivera Maradiaga and other confidential informants, electronic communications between Lobo and Rivera Maradiaga, and recorded telephone calls between Lobo and Rivera Maradiaga while Rivera Maradiaga was incarcerated. In these conversations, Lobo admits to using his security team to help Rivera Maradiaga escort trucks carrying drugs through Honduras. Lobo also brags about his ability to use his connections to provide military and logistical support for future transports. These admissions confirm Rivera Maradiaga's testimony that Lobo played an active role in the Cachiros's drug trafficking operation.

## II. Unwarranted Sentencing Disparities

Lobo argues that the district court erred in relying on data from the Sentencing Commission to address the need to avoid unwarranted sentencing disparities without affording him "an opportunity to respond." Appellant's Br. at 38–39. He also contends that the district court erroneously concluded that he was not similarly situated to his codefendants when it compared his "personal background" with that of his codefendants rather than comparing the various parties' criminal conduct. *Id.* at 39.

Lobo, however, did not object at sentencing after the district court stated that it "made inquiries with the United States Sentencing Commission about defendants with a similar guideline profile to the one that you have from around the country." J. App.

5

217.[2]  Because Lobo had the opportunity to but did not challenge the district court's reliance on Sentencing Commission data, our review is for plain error.  *See United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008).  "For an error to be plain, it must, at a minimum, be clear under current law," *United States v. Weintraub*, 273 F.3d 139, 152 (2d Cir. 2001) (internal quotation marks omitted), and "[w]e typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court," *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) (internal quotation marks omitted).  Even if it were error for the district judge independently to ask the Sentencing Commission for information on the sentences received by defendants matching Lobo's Guidelines range, the error was not plain. Lobo offers no authority for the proposition that a district court is required to give advanced notice to a defendant if it decides to rely on publicly available sentencing data to avoid unwarranted sentencing disparities.

The district court also did not err in concluding that Lobo is not similarly situated to his codefendants.  Section 3553(a)(6) requires district courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of *similar conduct*."  18 U.S.C. § 3553(a)(6) (emphasis added).

---

[2] After pronouncing Lobo's sentence, the district court asked: "Does either counsel know of any legal reason why this sentence should not be imposed as stated," to which Lobo's counsel responded, "No, your Honor." J. App. 219.

6

Under our precedent, the district court was not required to consider disparities between Lobo's sentence and the sentences of Lobo's codefendants. *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008). To the extent the conduct of Lobo's codefendants is relevant, it is clear that the district court's finding that Lobo was not similarly situated to his codefendants was not based on Lobo's "personal background." Rather, the district court compared Lobo's offense conduct with that of his codefendants and concluded that Lobo's offense conduct warranted a harsher sentence. Unlike his codefendants, Lobo was the son of a president, and he used his position to forge corrupt connections between drug traffickers and the upper echelons of the Honduran government.

### III. General Deterrence

Finally, Lobo argues that the district court placed too much emphasis on the need to promote general deterrence rather than providing him "a just, and individualized, sentence." Appellant's Br. at 40. It is axiomatic that "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d. Cir. 2012) (internal quotation marks omitted). Moreover, the weight that the district court places on a particular factor need not be the weight that this Court would give the factor so long as "the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Cavera*, 550 F.3d at 191. Considering the breadth

of Lobo's corruption and the extent of his criminal activity, the district court acted well within its discretion when it imposed a sentence reflecting the need to deter government officials from using their positions of power to facilitate drug trafficking.

We have considered Lobo's remaining arguments and find them to be without merit. We **AFFIRM** the judgment of the district court for the reasons stated herein and in the accompanying opinion.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

8