22-2225 (Con)
*United States v. Lindsay*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand twenty-four.

PRESENT:

> DENNY CHIN,
> RICHARD J. SULLIVAN,
> > *Circuit Judges*,
> CLAIRE R. KELLY,
> > *Judge*.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.  No. 22-479 (L)
>  No. 22-2225 (Con)

JOEL LINDSAY, a.k.a. Joey Guapo,
_____

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

1

                                    *Defendant-Appellant,*

JOSEPH PINA,

                                    *Defendant.*[1]

_____

**For Defendant-Appellant:**          J. Patten Brown III, Avon, CT.

**For Appellee:**                     Angel M. Krull, Sandra S. Glover, Assistant
                                      United States Attorneys, *for* Vanessa
                                      Roberts Avery, United States Attorney for
                                      the District of Connecticut, New Haven,
                                      CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's September 26, 2022 judgment is **AFFIRMED**.

Joel Lindsay appeals from a judgment of the district court sentencing him to 135 months' imprisonment following his conviction for sex trafficking a minor in violation of 18 U.S.C. § 1591(a)(1), (b)(2), and (c).  On appeal, Lindsay asserts that

---

[1] Counsel for Joseph Pina, Ameer Benno, has moved for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967).  The government has moved to dismiss Pina's appeal in part, for summary affirmance in part, and for vacatur and remand in part.  We address these motions in a separate order.

his sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the procedural and substantive reasonableness of a sentence "under a deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (internal quotation marks omitted). A sentence is procedurally unreasonable when the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the [United States Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is substantively unreasonable when it would "damage the administration of justice" because it is "shockingly high, shockingly low, or otherwise unsupported as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Importantly, when a defendant fails to object to an alleged sentencing error before the district court, we review the later objections on appeal for plain error.

3

*See United States v. Davis*, 82 F.4th 190, 196 (2d Cir. 2023). To show plain error, a defendant must establish that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Rosa*, 957 F.3d 113, 117–18 (2d Cir. 2020) (citation omitted). A legal question that is unsettled – *i.e.*, for which there is no binding precedent from the Supreme Court or the Second Circuit – will not be deemed clear or obvious. *See United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004).

Lindsay argues for the first time on appeal that the district court procedurally erred at his sentencing by failing to "meaningful[ly]" consider his claims that he was the victim of sexual abuse as a child. Lindsay Br. at 16. He contends that this failure prevented the court from fully considering his history and characteristics, as required under 18 U.S.C. § 3553(a)(1). We disagree.

The record clearly reflects that the district court considered – and credited – Lindsay's claim that he had been "abused by a teacher and a maid" as a child. App'x at 74. The district court even noted the existence of "literature that says that a person [who] was sexually abused [as a child] has a higher propensity to abuse

4

others." *Id.* The court nonetheless determined that such abuse did not "excuse[]

his conduct," *id.* at 75, which involved the trafficking of a sixteen-year-old

runaway whom Lindsay solicited for sex online and whom he choked, hit, and

threatened at knifepoint when she initially declined his demand that she appear

in a sex video. To the extent that Lindsay challenges the weight assigned by the

district court to his childhood abuse, that is a substantive reasonableness

challenge, not a procedural one, and in any event, "[t]he particular weight to be

afforded aggravating and mitigating factors is a matter firmly committed to the

discretion of the sentencing judge." *United States v. Broxmeyer*, 699 F.3d 265, 289

(2d Cir. 2012) (internal quotation marks omitted). We see no abuse of that

discretion here. Indeed, at the sentencing hearing, Lindsay did not attribute his

criminal conduct to his past trauma, claiming instead that he trafficked the minor

victim because he had been in a car accident, was unable to work, and needed

money "to provide for [his] son." App'x at 66–67. On this record, we see no basis

for concluding that the district court erred, much less plainly so, by assigning

limited weight to Lindsay's past history of sexual abuse.

Lindsay next argues that the district court impermissibly based its sentence

on his lack of "emotional awareness," which he characterizes as procedural error

5

because it relied on an "unsupported theory of human nature." Lindsay Br. at 17.

This argument centers on a brief exchange at sentencing in which Lindsay asserted that he had been in love with his victim, who was then sixteen, notwithstanding the fact that he had only known her for a few weeks, during which time he and his partner, Joseph Pina, trafficked her by posting online advertisements soliciting her performance of sex acts for money. The district court expressed skepticism at Lindsay's statement, which it deemed to reflect, at the very least, "a lack of emotional awareness that increase[d] the need to protect the public and deter the defendant." App'x at 70. The court explained that it saw "no way to reconcile" Lindsay's statement with his "unspeakable conduct," *id.*, in which he "exploited the affection and naivete of a child for his own financial gain," "took advantage of her in the most vile and intimate way," and "forced [her] to do it again and again and again, over multiple days" – an experience that was "so soul crushing that . . . the victim couldn't even be present" in court to give a victim impact statement, *id.* at 69–70.[2] The district court was equally skeptical of Lindsay's professed rationale for engaging in this conduct – namely, his desire to "support

---

[2] The government's sentencing submission made clear – and the district court was certainly aware – that the victim had "attempt[ed] suicide during the long weekend Lindsay trafficked her." App'x 39; *see also* Presentence Investigation Report ¶ 22. Lindsay did not dispute this assertion.

his [own] child by exploiting another child." *Id.* at 70. In the end, the district court concluded that Lindsay's statements were not "even remotely true" and that Lindsay's willingness to make such statements at sentencing was "disquieting" and reaffirmed the need to impose a sentence that was "sufficient to protect the public[,] engender respect for the law, . . . and deter Mr. Lindsay from exploiting others." *Id.*

Lindsay's argument on appeal, which was never raised below, relies on a selective parsing of the record that mischaracterizes the district court's statement of reasons in support of the sentence. *See United States v. Piervinanzi*, 23 F.3d 670, 684–85 (2d Cir. 1994) (holding that a trial judge's "isolated statement is an insufficient basis from which to conclude that he employed an incorrect standard"). That alone is reason enough to reject Lindsay's procedural challenge. But even if it could be argued that the district court's brief reference to "emotional awareness" should be considered in isolation, we cannot agree that this was plain error, for the simple reason that no precedent of this Court or the Supreme Court has ever barred a district court judge from considering a defendant's emotional characteristics at sentencing. *See Whab*, 355 F.3d at 158. To the contrary, we have been more than clear that a sentencing court may "take into account any

information known to it." *United States v. Concepcion*, 983 F.2d 369, 387 (2d Cir. 1992). And we have generally authorized district courts to consider "any factor concerning the background, character, and conduct" of a defendant, save for "invidious factors," *Cavera*, 550 F.3d at 191 (internal quotation marks omitted), like national origin, *see, e.g.*, *United States v. Kaba*, 480 F.3d 152, 159 (2d Cir. 2007). We thus cannot agree that the district court procedurally erred in imposing Lindsay's within-Guidelines sentence.

Finally, we reject Lindsay's argument that his sentence was substantively unreasonable. "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Here, the district court sentenced Lindsay at the top of the Guidelines range of 120 to 135 months. As noted above, the district court provided sound reasons for that sentence. *See* App'x at 69–71. Considering the totality of the circumstances, Lindsay's sentence is not exceptional. *Cavera*, 550 F.3d at 189 ("We will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." (internal quotation marks omitted)). We therefore cannot

8

find the district court erred in imposing his 135-month sentence.

*     *     *

We have considered Lindsay's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court