21-2892-cr
*United States v. Ruhl*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> GERARD E. LYNCH,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                  21-2892-cr

JEREMIAH RUHL,

> *Defendant-Appellant,*

_____

| | |
|---|---|
| For Appellee: | THOMAS JOHN ALIBERTI (Joseph R. Perella, Gregory L. Waples, Assistant United States Attorneys, *on the brief*), Assistant United States Attorney *for* Nikolas P. Kerest, United States Attorney for the District of Vermont, Burlington, VT. |
| For Defendant-Appellant: | ELIZABETH M. JOHNSON, Law Office of Elizabeth M. Johnson, New York, New York, NY. |

Appeal from a judgment of the United States District Court for the District of Vermont (Sessions, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jeremiah Ruhl appeals from a judgment of the United States District Court for the District of Vermont (Sessions, *J.*), entered November 5, 2021, convicting him, upon a guilty plea, of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentencing him principally to 12 months' imprisonment. Ruhl's only argument on appeal is that under *New York State Pistol & Rifle Association v. Bruen*, 597 U.S. 1 (2022), the application of section 922(g)(1) to defendants previously convicted of only nonviolent felonies violates the Second Amendment. As Ruhl's prior conviction was for the nonviolent felony of forgery, he argues this Court must reverse his conviction under section 922(g)(1). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Importantly for our review, Ruhl did not object to the constitutionality of the felon-in-possession statute during proceedings before the district court. Thus, we review only for plain error on appeal. Fed R. Crim. P. 52(b); *see also United States v. Le*, 902 F.3d 104, 109 (2d Cir. 2018). For this Court to correct a forfeited error, the defendant-appellant "must show (1) error that (2) is clear or obvious under current law; (3) affects his substantial rights, which generally means affects the outcome of the district court proceedings; and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. "'Meeting all four prongs' of this test 'is difficult, as it should be.'" *United States v. Gomez*, 705 F.3d 68, 75 (2d Cir. 2013) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Ruhl's unpreserved challenge to section 922(g)(1)'s constitutionality necessarily fails because he cannot satisfy the second prong of the plain error standard. To satisfy this requirement, the merits of the appellant's argument "must, at a minimum, be clear under current law," and we generally "will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Napout*, 963 F.3d 163, 183 (2d Cir. 2020) (quoting *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004)). This Court's most recent decision addressing section 922(g)(1)'s constitutionality upheld the statute. *See United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013). And as we reasoned in *United States v. Brillon*, that this holding is necessarily upended post-*Bruen* "is not clear under current law." No. 22-2956-cr, 2024 WL 392949, at *1 (2d Cir. Feb. 2, 2024) (summary order) (quoting *United States v. Stephenson*, No. 21-74-cr, 2023 WL 3402310, at *1 (2d Cir. May 12, 2023)). To be sure, there are cases pending before panels in which the question of section 922(g)(1)'s constitutionality in light of *Bruen* will be addressed *de novo* by this Court. *See, e.g., Zherka v. Garland,* No. 22-1108; *United States v. Valdez Simmons*, Nos. 21-3064 & 22-118. But in this case, we need not go beyond our conclusion that Ruhl's unpreserved argument is not clearly meritorious under current law and therefore is not a basis for plain-error relief.

*       *       *

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court