11-2459-cr
*United States v. Stroman*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand and twelve.

PRESENT:

> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                                                  No. 11-2459-cr

TRAVIS STROMAN, a/k/a Timothy Stroman,

*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR APPELLANT:** | EDWARD S. ZAS, Federal Defenders of New York, Inc., New York, NY. |
| **FOR APPELLEE:** | KEVIN TROWEL, Assistant United States Attorney (Peter A. Norling, Zainab Ahmad, Assistant United States Attorneys, *on the brief*), Brooklyn, NY, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 15, 2011 order of the District Court be **AFFIRMED**.

Appellants appeal from an order of the District Court sentencing him principally to a term of imprisonment of 96 months. We assume familiarity with the underlying facts and procedural history of this case, some of which we repeat here for ease of reference.

This appeal arises out of Stroman's September 2009 conviction, after a jury trial, on a single count of being a felon in possession of ammunition in violation of 18 U.S.C. §922(g)(1). At sentencing, the District Court applied a sentencing enhancement for "assault with intent to kill" (*i.e.*, attempted murder in the second degree) pursuant to United States Sentencing Guideline § 2A2.1(a)(2). The Court imposed a sentence of 96 months' imprisonment—24 months less than the statutory maximum sentence.

Stroman appealed from his sentence and conviction, and in *United States v. Stroman*, 420 Fed. App'x 100 (2d Cir. Apr. 26, 2011) ("*Stroman I*"), we affirmed Stroman's conviction but vacated his sentence. Holding that the District Court was required to explicitly find that Stroman shot the gun with the intent to kill the victim, and concluding that the Court had not done so, we remanded the cause to the District Court for resentencing. *Id.* at 105.

Stroman was resentenced on June 8, 2011. On resentencing, the District Court again applied the "intent to kill" Guideline, holding that Stroman had "intended to attempt to kill" the victim, and reimposed the same sentence. The Court also filed an opinion explaining its decision, holding that Stroman "intended to commit [a murder] and took substantial steps to accomplish [this goal by] pursuing two men into a grocery and fir[ing] his gun at them." *United States v. Stroman*, No. 09-CR-339(ILG), 2011 WL 2444851, at *4 (E.D.N.Y. June 15, 2011) ("*Stroman II*").

2

On appeal, Stroman: (1) alleges that the District Court erred in again imposing a sentencing enhancement pursuant to U.S.S.G. 2A2.1(a)(2); and (2) requests that the case be reassigned, if remanded for resentencing, to another judge of the Eastern District.

## DISCUSSION

On the prior appeal, the sentence in this case was remanded because the District Court had not made an explicit finding that the defendant fired his weapon with the intent to kill. Such intent was required because the enhancement sought to be applied, Section 2A2.1(a) of the Sentencing Guidelines, covers "Attempted Murder," and, as we pointed out, the Supreme Court in *Braxton v. United States*, 500 U.S. 344, 351 n.* (1991), had stated that "an attempt to commit murder requires a specific intent to kill." *Stroman I*, 420 Fed. App'x at 105. We further observed that, pursuant to *Braxton*, the "district court [was required to have] concluded, by a preponderance of the evidence, that Stroman actually attempted or intended to kill his victim. *Id.* We concluded that the District Court had not explicitly found that Stroman had shot his gun with the intent to kill one or both victims, and we instructed the Court to apply the principles of *Braxton* in order to determine, on remand, whether Stroman was properly subject to the Guidelines enhancement for attempted second degree murder. *Id.*

On remand, the District Court distinguished *Braxton* on several factual bases related to the elements of the charges in Braxton's and Stroman's cases, as follows:

> First, Stroman did *not* plead guilty. There was no plea agreement that specifically established the more serious offense of murdering an officer of the United States, the crime proscribed by 18 U.S.C. § 1114. Braxton specifically did not plead to that charge. He explicitly stated he did not intend to harm a Marshal, *hence the specific intent reference upon which the Circuit Court seized had no relevance to this case.* Stroman did not plead guilty. . . . The murder Stroman intended to commit and took substantial steps to accomplish—pursuing two men into a grocery and fir[ing] his gun at them[—]was dramatically captured on the screen of the grocery's video camera. The murder he attempted to commit was defined by N.Y. Penal Law § 125.25, *not* the murder of a police officer defined in § 125.27, the crime analogous to 18 U.S.C. § 1114 charged in *Braxton*.

*Stroman II*, 2011 WL 2444851, at *4 (first and third emphases in the original). Although the able district judge declined to apply the principles set out by the Supreme Court in *Braxton*, he noted that, in any

3

event, "*Braxton* presents no impediment to the enhancement of Stroman's sentence[;] it supports it." *Id.*; *see also United States v. Stroman*, No. 09-CR-339(ILG), Transcript of Resentencing Hrg., June 8, 2011, at 9 ("There is nothing in *Braxton* which requires specific intent.").

The District Court's analysis of *Braxton* on remand was unnecessary and, it must be emphasized, incorrect. Rather than stating a rule specific to the crime with which Braxton was charged, the Supreme Court in *Braxton* was stating a general principle of law applicable to attempted murder. *See Braxton*, 500 U.S. at 351 n.* ("Since the statute [at issue] does not specify the elements of "attempt to kill," they are those required for an "attempt" at common law, which include a specific intent to commit the unlawful act. Although a murder may be committed without an intent to kill, an attempt to commit murder requires a specific intent to kill." (citations and internal quotation marks omitted)); *see also Gill v. I.N.S.*, 420 F.3d 82, 90–91 (2d Cir. 2005) (citing several New York State Appellate Division cases that each held that "one cannot attempt to commit second degree murder, *i.e.*, cause someone's death by recklessly engaging in conduct which creates a grave risk of death to another person, under circumstances evincing a depraved indifference to human life" (alterations and quotation marks omitted)). That principle applies to Stroman's case as well.

We nevertheless conclude that the District Court's observation that "[t]he murder Stroman intended to commit . . . was dramatically captured on the screen of the grocery's video camera," *Stroman II*, 2011 WL 2444851 at *4, constituted a finding that Stroman had a specific intent to kill one or more of the victims. We therefore affirm the judgment of the District Court.

## <u>CONCLUSION</u>

We have reviewed each of Stroman's arguments on appeal and have determined that they are meritless. The June 15, 2011 judgment of the District Court is affirmed.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4