23-6442
*United States v. Villalobos*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

>*Appellee*,

> v.                                        No. 23-6442

JERISON ROJAS VILLALOBOS, a.k.a. Jerinson Rojas, a.k.a. Jericson Rojas,

>*Defendant-Appellant*.

---

| For Defendant-Appellant: | Robert A. Culp, Law Office of Robert A. Culp, Garrison, NY. |
|---|---|
| For Appellee: | Samuel P. Rothschild, James Ligtenberg, Assistant United States Attorneys, *for* Edward Y. Kim, Acting United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Jennifer L. Rochon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 20, 2023 judgment of the district court is **AFFIRMED**.

Jerison Rojas Villalobos ("Rojas") appeals from a judgment of conviction following his guilty plea to one count of conspiracy to commit mail, wire, and bank fraud, in violation of 18 U.S.C. § 1349; one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and two additional counts of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

From 2016 until 2019, Rojas helped launder the proceeds of a fraud scheme based out of Costa Rica that targeted elderly victims. The conspirators tricked many of these victims by falsely telling them that they had won a lottery but that they first needed to pay certain fees and taxes before they could collect their winnings. For other victims, the perpetrators informed them that a family member had been kidnapped and that they needed to pay a ransom. In all, Rojas and his co-conspirators defrauded at least 116 victims out of more than $3.2 million. Unrelated to this conspiracy, Rojas also facilitated the use of a stolen debit card and participated in a scheme to cash stolen checks in exchange for a commission. At sentencing, the district court calculated the advisory United States Sentencing Guidelines range to be 87 to 108 months' imprisonment and then imposed a substantially below-Guidelines sentence of 48 months' imprisonment, to be followed by five years of supervised release. Rojas timely appealed, arguing that his sentence is both procedurally and substantively unreasonable.

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to

explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks omitted). However, if a defendant does not raise an objection on these procedural grounds at the time of sentencing, our review is confined to plain error. *See United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). To establish plain error, a defendant must show "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant's] substantial rights; and (4) the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020) (internal quotation marks omitted).

Rojas contends that his sentence is procedurally unreasonable because the district court failed to adequately explain why he received a lengthier sentence than his co-conspirators despite his cooperation with the government. But this "argument is a nonstarter" because "[w]e have repeatedly made clear that section 3553(a)(6) requires a district court to consider *nationwide* sentence disparities, but does not require a district court to consider disparities between co-defendants." *United States v. Bryant*, 976 F.3d 165, 180 (2d Cir. 2020) (internal quotation marks omitted). Given that "there is no requirement to consider a disparity with a co-defendant's sentence, there is certainly no procedural error in failing to explain it."

4

*Id.* Even so, the district court *did* consider the disparities between Rojas's sentence and those of his co-conspirators and explained that "Rojas was a senior person in the scheme, a manager," who "received cuts from the monies that were scammed from the" victims. Rojas App'x at 111. The district court also noted that one of Rojas's co-conspirators who received a shorter sentence was "a fairly minor player in this conspiracy." *Id.* For all these reasons, we conclude that the district court did not commit any procedural error in imposing a sentence on Rojas that was longer than those his co-conspirators received.

Rojas next asserts that his sentence was procedurally unreasonable because the district court erred in evaluating the risk of him committing similar crimes in the future. Specifically, Rojas faults the district court for considering that he (1) did not provide the United States Probation Office with requested paperwork regarding his employment status and assets; (2) remained in contact with his father, who had helped launder the proceeds of this conspiracy; and (3) was still involved in exporting auto parts and perfume to Costa Rica, which was one of the avenues through which he laundered the proceeds of this scheme. But Rojas has identified "no binding precedent from the Supreme Court or this Court" that clearly precludes a district court from considering such factors and thus cannot

establish that the district court plainly erred. *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004). In any event, the district court was well within its discretion to consider Rojas's failure to submit documentation of legitimate employment, continued association with individuals who participated in this criminal activity, and ongoing involvement with enterprises that he previously used to launder money, all of which are clearly relevant to Rojas's likelihood of recidivism. *See* 18 U.S.C. § 3553(a)(2)(C).

Finally, Rojas contends that his sentence is substantively unreasonable because the district court failed to adequately credit his cooperation with the government. We review the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A defendant challenging the substantive reasonableness of his sentence "bears a heavy burden because our review . . . is particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the [section] 3553(a) considerations in any particular case." *United States v. Perez-Frias*, 636 F.3d 39, 42 (2d Cir. 2011) (internal quotation marks omitted). Rather, we "will set aside [a] sentence[] as substantively unreasonable only in exceptional cases where the trial

court's decision cannot be located within the range of permissible decisions," such as when the sentence is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Thavaraja*, 740 F.3d 253, 259 (2d Cir. 2014) (internal quotation marks omitted). Indeed, we will rarely find a below-Guidelines sentence to be substantively unreasonable. *See United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015).

Rojas argues that he, "for all intents and purposes[,] received no benefit for his exemplary cooperation with the government." Rojas Br. at 28. But this argument overlooks the fact that he received a substantially below-Guidelines sentence that was essentially half of the low end of his Guidelines range. And while Rojas asserts that he should have received an even lower sentence due to his cooperation, this challenge boils down to a disagreement with how the district court weighed the section 3553(a) factors.

The record reflects that the district court carefully "balanc[ed] the value of [Rojas's] cooperation with the seriousness of the crime and other factors," including the need for specific and general deterrence. Rojas App'x at 114. The district court also explained how Rojas participated in "an extensive fraud" that

7

targeted "some of society's most vulnerable individuals," including "elderly people" and "people with Alzheimer's and dementia." *Id.* at 108. The district court noted that these "individuals were targeted because of their vulnerability and were oftentimes individuals who had been victimized in the past and who, because of their age or mental condition, were likely to fall prey again." *Id.* Furthermore, the district court outlined the "devastating" impact of this fraud on the victims, many of whom lost their life savings and one of whom developed "suicidal thoughts and depression." *Id.* at 109–10. Finally, the district court emphasized the need for general deterrence given that "these scams are prevalent in our society," and for specific deterrence given the district court's perception that Rojas did not express "a lot of remorse about his behavior in the fraud" and that he had not taken the sort of affirmative steps – getting a GED, "submitt[ing] documentation to corroborate his work," "repay[ing] his victims," and cutting ties with the people and behavior associated with his criminal past – that one might have expected of someone who was truly determined not to "commit[] crimes like this in the future." *Id.* at 112–13. In light of these considerations, we cannot say that Rojas's sentence was substantively unreasonable merely because the district court did not reduce his sentence even more as a reward for his cooperation.

\* \* \*

We have considered Rojas's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court